# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN (DUBUQUE) DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>      Plaintiff,<br>vs.<br>NATHAN FRAZIER STARK,<br>      Defendant. | Case No. 25-cr-1004-LTS-MAR<br><br>**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS INDICTMENT** |

_____

## *I.  INTRODUCTION*

On January 29, 2025, the Grand Jury charged Defendant with one count of Possession of a Firearm by a Person Convicted of Domestic Violence in violation of 18 U.S.C. Sections 922(g)(9) and 924(a)(8).  (Doc. 3.)  Specifically, the indictment charges Defendant, knowing he had previously been convicted of a misdemeanor crime of domestic violence: Domestic Abuse Assault Causing Injury.  (*Id.*)

The matter before the Court is Defendant's Motion to Dismiss.  (Doc. 27.) Defendant contends Section 922(g)(1) is unconstitutional facially and as applied to his conduct.  The Government timely filed a resistance. (Doc.28.)  The Honorable Leonard T. Strand, United States District Court Judge, referred the motion to me for a Report and Recommendation.  For the following reasons, I respectfully recommend that the District Court **deny** Defendant's Motion to Dismiss.

## *II.  DISCUSSION*

The Second Amendment to the United States Constitution provides "[a] well regulated Militia, being necessary to the security of a free [s]tate, the right of the people to keep and bear Arms, shall not be infringed."  U.S. Const. amend. II.  Title 18, United

1

States Code, Section 922(g)(1) provides "[i]t shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition[.]" In *New York State Rifle & Pistol Association, Inc. v. Bruen*, the United States Supreme Court explained that "[w]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." 597 U.S. 1, 24 (2022). The question here is whether Section 922(g)(9) unconstitutionally infringes upon Defendant's right to keep and bear arms guaranteed to persons under the Second Amendment.

### A. The Parties' Arguments

Defendant argues alternatively that 18 U.S.C. Section 922(g)(9) is facially unconstitutional or is unconstitutional as applied to him under *Bruen*. (Doc. 27-1 at 2.) Defendant argues that his conduct, possession of a firearm, is covered by the plain text of the Second Amendment. Defendant first asserts that his conduct, possessing a firearm, is protected because he is part of "the people" as that term is used in the Second Amendment, regardless of his conviction for domestic abuse assault causing injury. (*Id.* at 3-6.)

Defendant next asserts the Government cannot meet its burden under *Bruen* to show Section 922(g)(9)'s prohibition against possession of firearms by domestic violence misdemeanants is "'part of the historical tradition that delimits the outer bounds of the right to keep and bear arms.'" (*Id.* at 2) (quoting *Bruen*, 597 U.S. at 19 (2022)).

Defendant argues that *Bruen* and *District of Columbia v. Heller*, 554 U.S. 570, 592 (2008) contain dicta suggesting the Second Amendment's protection was intended for "law-abiding, responsible citizens." According to Defendant, this dicta cannot limit the application of the Second Amendment. Defendant urges the Court to conclude, as

2

some other courts have, that individuals with prior domestic violence misdemeanor convictions are entitled to Second Amendment protection.

Defendant then argues that the Government cannot prove that Section 922(g)(9) is consistent with the nation's historical tradition of firearm regulation. Among other things, Defendant points to what he considers a paucity of evidence supporting disarming those who have committed domestic violence and the existence of a husband's right to physically discipline his spouse at the time the Second Amendment was adopted.

Regarding his as-applied challenge, Defendant argues that, although *Bruen* did not address an as-applied challenge, the "shift in the test and burden suggests that the government has the burden to that, as applied to Mr. Stark, a historical analogue exists for the prohibition against possession of a firearm for him." (Doc. 27-1 at 8.) Defendant argues that his 2012 domestic abuse assault conviction does not rise to the level of persons who could be deemed dangerous and thus, as applied to him, the statute is unconstitutional.

After discussing the framework provided by *Bruen* and *United States v. Rahimi,* 602 U.S. 680 (2024), the Government argues that Section 922 (g)(9) is facially valid. The Government relies principally on *United States v. Bernard* to support its arguments in favor to the facial constitutionality of Section 922(g)(9). No. 23-2808, 2025 WL 1352398 (8th Cir. May 9, 2025.)

The Government argues that the Court should hold in abeyance its decision about whether Section 922(g)(9) is unconstitutional as applied to Defendant pending trial.

### B.     *Defendant's facial challenge is precluded by* **Bernard**

Pursuant to 18 U.S.C. Section 922(g)(9):

It shall be unlawful for any person . . . who has been convicted in any court of a misdemeanor crime of domestic violence . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any

3

firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

Defendant's motion was filed on Monday, May 12, 2025, and does not address *Bernard* which filed the Friday before, May 9, 2025. *Bernard* involved only a facial challenge to Section 922(g)(9). *Bernard* reasoned in large part from *United States v. Rahimi,* 602 U.S. 680, 680 (2024). *Rahimi* upheld the prohibition on individuals subject to a domestic violence restraining order possessing firearms under 18 U.S.C. Section 922(g)(8). In pertinent part, *Bernard* reasoned as follows:

> "The belief underpinning § 922(g)(9) is that people who have been convicted of violence once—toward a spouse, child, or domestic partner, no less—are likely to use violence again." *Skoien*, 614 F.3d at 642. Congress recognized that "[f]irearms and domestic strife are a potentially deadly combination." *United States v. Castleman*, 572 U.S. 157, 159, 134 S.Ct. 1405, 188 L.Ed.2d 426 (2014) (quoting *United States v. Hayes*, 555 U.S. 415, 427, 129 S.Ct. 1079, 172 L.Ed.2d 816 (2009)). Domestic abusers present an ongoing threat of physical violence, so "keeping the most lethal weapon out of their hands is vital to the safety of their relatives." *Skoien*, 614 F.3d at 643.
>
> But "[e]xisting felon-in-possession laws . . . were not keeping firearms out of the hands of domestic abusers," *Hayes*, 555 U.S. at 426, 129 S.Ct. 1079, because many perpetrators of domestic violence were convicted only of misdemeanors. *Castleman*, 572 U.S. at 160, 134 S.Ct. 1405. Proponents of § 922(g)(9) sought to close this "dangerous loophole." *Hayes*, 555 U.S. at 426, 129 S.Ct. 1079. By enacting the statute, Congress prohibited possession of firearms by persons "who present a credible threat to the physical safety of others," *Rahimi*, 602 U.S. at 700, 144 S.Ct. 1889, including persons who pose "an unacceptable risk of dangerousness." *United States v. Jackson*, 110 F.4th 1120, 1129 (8th Cir. 2024).
>
> "Our tradition of firearm regulation allows the Government to disarm individuals who present a credible threat to the physical safety of others." *Rahimi*, 602 U.S. at 700, 144 S.Ct. 1889. As the Sixth Circuit recently explained, while the statute at issue in *Rahimi* disarmed persons who presently pose a threat of physical violence, § 922(g)(9) disarms persons

4

> who posed a past threat of physical violence *and* pose a present threat of physical violence due to high rates of recidivism. *United States v. Gailes*, 118 F.4th 822, 829 (6th Cir. 2024). "[O]ur Nation has always taken measures to prevent violence by people with firearms who pose a clear threat to others," and "people who were previously convicted of a domestic-violence misdemeanor fall squarely within the category of people who pose a clear threat to the physical safety of others." *Id.* at 830. On its face, therefore, § 922(g)(9) is "consistent with the principles that underpin our regulatory tradition." *Rahimi*, 602 U.S. at 692, 144 S.Ct. 1889.
>
> Bernard contends that § 922(g)(9) departs from historical tradition because it is a permanent restriction on firearm possession. He observes that *Rahimi* relied on surety laws that provided for only temporary restrictions on possession. In *Rahimi*, however, the challenged statute involved only a temporary restriction, *see* 18 U.S.C. § 922(g)(8), so it was unnecessary for the Court to address the constitutionality of a permanent or indefinite ban. But the Court reiterated that the prohibition on possession of firearms by felons is presumptively constitutional, 602 U.S. at 699, 144 S.Ct. 1889, and this court has held that the permanent prohibition of § 922(g)(1) is indeed constitutional. *Jackson*, 110 F.4th at 1129. Although § 922(g)(9) encompasses certain misdemeanants, the prohibition is limited to those whose offenses involved an actual or attempted use a physical force, or a threatened use of a deadly weapon. *Id.* § 921(a)(33)(A)(ii). *Given the historical tradition of regulating firearms possession by those who present a credible threat of safety to others, a permanent or indefinite prohibition on gun possession by convicted domestic abusers is not unconstitutional on its face*.

*Bernard*, 136 F.4th at 765-66 (8th Cir. 2025) (emphasis added.) Thus, *Bernard* dictates the instant facial challenge must fail.

### C. *Analysis of the as-applied challenge*

As the Eighth Circuit has recently said:

> Pretrial motions, like [a] motion to dismiss, are governed by Federal Rule of Criminal Procedure 12. Under this rule, "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). As the Supreme Court has explained, this rule means that a court may rule on a pretrial

5

motion "if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." *United States v. Covington*, 395 U.S. 57, 60, 89 S.Ct. 1559, 23 L.Ed.2d 94 (1969). However, the mere existence of factual issues in a pretrial motion does not preclude a pretrial ruling on the motion. *See* Fed. R. Crim. P. 12(d). Rather, the rule specifically "contemplates that district courts may sometimes make factual findings when ruling on pretrial motions and requires that the court 'state its essential findings on the record.'" *United States v. Turner*, 842 F.3d 602, 605 (8th Cir. 2016) (quoting Fed. R. Crim. P. 12(d)). Thus, Rule 12 allows district courts to make some factual findings so long as it states them on the record, but not when an issue is "inevitably bound up with evidence about the alleged offense itself." *Id.* (citation omitted).

> Here, the district court did not "state its essential findings on the record." *See* Fed. R. Crim. P. 12(d). The district court's two-paragraph "background" in its Order on Defendant's Motion to Dismiss briefly summarized some of the relevant facts but did not lay out the court's findings as to the extent and frequency of Baxter's drug use and the overlap of Baxter's drug use with his firearm possession. While the parties have pointed to some relevant facts from various portions of the record, they also acknowledged at oral argument that the district court did not make any factual findings as to the nature of Baxter's controlled substance use. This "underdeveloped record we have on appeal simply leaves us with too much 'guesswork'" for appellate review. *See United States v. Bloomfield*, 40 F.3d 910, 922 (8th Cir. 1994) (en banc) (McMillian, J., dissenting). Thus, we remand this case to the district court for the factual findings required under Rule 12(d).

*United States v. Baxter*, 127 F.4th 1087, 1090 (8th Cir. 2025). *Baxter* involved a drug user in possession of a firearm under 18 U.S.C. Section 922(g)(3). The Eighth Circuit remanded *Baxter* to determine whether a trial was necessary to resolve the as-applied challenge with the following guidance:

> Proper application of Rule 12 on remand will also require the district court to determine whether this issue is appropriate for pretrial resolution. *See* Fed. R. Crim. P. 12(b)(1). If the district court determines that the relevant factual evidence is "undisputed in the sense that it is agreed to by the

parties," pretrial resolution may be appropriate because "a trial of the general issue would serve no purpose." *See United States v. Pope*, 613 F.3d 1255, 1261 (10th Cir. 2010) (Gorsuch, J.). Furthermore, pretrial resolution may also be appropriate if the district court determines that it can decide the legal issues presented without making any factual findings. *See, e.g.*, *United States v. Connelly*, 668 F. Supp. 3d 662, 668 (W.D. Tex. 2023) ("assum[ing] without deciding that the Government's drug use allegations are true" in order to "decide the legal issues presented without further factual findings"), *aff'd in part, rev'd in part*, 117 F.4th 269 (5th Cir. 2024). If, however, ruling on the as-applied challenge requires "resolving factual issues related to [Baxter's] alleged offense, such as the extent of his drug use," then resolution of the issue is likely improper before trial. *See Turner*, 842 F.3d at 605. We leave this question to the district court on remand and we take no position on whether Baxter's motion can properly be resolved without a trial.

If the district court determines that Rule 12 poses no bar to deciding Baxter's as-applied challenge, the court must then focus "only on [Baxter]: [I]s applying 'the regulation' to his conduct '[in]consistent with this Nation's historical tradition of firearm regulation'?" *See Veasley*, 98 F.4th at 909 (third alteration in original) (quoting *Bruen*, 597 U.S. at 17, 142 S.Ct. 2111). In considering this question, the district court "may consider evidence beyond the pleadings to make factual findings" on the record. *Turner*, 842 F.3d at 605. If, however, the district court determines that Rule 12 precludes pretrial resolution of Baxter's Second Amendment challenge, the court should then provide Baxter the opportunity to move to withdraw his guilty plea and proceed to trial on the original charge. *See id.* at 605-06. Otherwise, Baxter would be prejudiced by the court's premature ruling because he conditionally pled guilty under the assumption that he could "have an appellate court review an adverse determination" of his motion to dismiss. *See id.* at 605 (quoting Fed. R. Crim. P. 11(a)(2))

*Baxter*, 127 F.4th at 1091.

Defendant says very little about the facts underlying his as-applied challenge:

The Government alleges Mr. Stark is prohibited from possessing firearms under § 922(g)(9) because of a prior Iowa misdemeanor conviction related to domestic violence in 2012 for domestic abuse assault causing injury. The

7

conviction is more than a decade old and occurred when Mr. Stark was thirty-four years old.

(Doc. 27-1 at 8-9.) In *United States v. Jackson*, the Eighth Circuit held that there was no need for a "felony-by-felony" determination of the constitutionality of the prohibition against felons possessing firearms. *Jackson* reasoned:

> We conclude that the district court was correct that § 922(g)(1) is not unconstitutional as applied to Jackson based on his particular felony convictions. The Supreme Court has said that nothing in *District of Columbia v. Heller*, 554 U.S. 570, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008), which recognized an individual right to keep and bear arms, "should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *Id*. at 626, 128 S.Ct. 2783; *see McDonald v. City of Chicago*, 561 U.S. 742, 786, 130 S.Ct. 3020, 177 L.Ed.2d 894 (2010) (plurality opinion) ("We repeat those assurances here."). The decision in *Bruen*, which reaffirmed that the right is "subject to certain reasonable, well-defined restrictions," 597 U.S. at 70, 142 S.Ct. 2111, did not disturb those statements or cast doubt on the prohibitions. *See id*. at 72, 142 S.Ct. 2111 (Alito, J., concurring); *id*. at 81, 142 S.Ct. 2111 (Kavanaugh, J., concurring, joined by Roberts, C.J.); *id*. at 129, 142 S.Ct. 2111 (Breyer, J., dissenting, joined by Sotomayor and Kagan, JJ.). Neither did the decision in *Rahimi*. *See* 144 S. Ct. at 1901-02. Given these assurances by the Supreme Court, and the history that supports them, we conclude that there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1).

110 F.4th 1120, 1125 (8th Cir. 2024), *cert. denied*, No. 24-6517, 2025 WL 1426707 (U.S. May 19, 2025).

One way to frame the issue, perhaps, is whether a misdemeanor conviction for domestic violence requires the sort of crime-by-crime analysis that *Jackson* found unnecessary or a trial as *Baxter* suggests may be necessary. "A conviction under § 922(g)(1) requires the government to prove that (1) the defendant sustained a previous conviction for a crime punishable by a term of imprisonment exceeding one year, (2) he knowingly possessed a firearm, and (3) he knew that he belonged to a category of persons

8

prohibited from possessing a firearm, and (4) the firearm was in or affecting interstate commerce." *Id*. at 1123.

In contrast, proof of a violation of Section 922(g)(9) is more involved. The Government asserts:

> A misdemeanor crime of domestic violence is an offense that:
>
> (i) is a misdemeanor under Federal, State, Tribal, or local law; and
>
> (ii) has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, by a person similarly situated to a spouse, parent, or guardian of the victim, or by a person who has a current or recent former dating relationship with the victim.

(Doc. 28 at 4) (quoting 18 U.S.C. § 921(33)(A)). Title 18 United States Code, Section 921(33) further provides:

> (B)(i) A person shall not be considered to have been convicted of such an offense for purposes of this chapter, unless—
>
>   (I) the person was represented by counsel in the case, or knowingly and intelligently waived the right to counsel in the case; and
>
>   (II) in the case of a prosecution for an offense described in this paragraph for which a person was entitled to a jury trial in the jurisdiction in which the case was tried, either
>
>     (aa) the case was tried by a jury, or
>
>     (bb) the person knowingly and intelligently waived the right to have the case tried by a jury, by guilty plea or otherwise.
>
> (ii) A person shall not be considered to have been convicted of such an offense for purposes of this chapter if the conviction has been expunged or

9

set aside, or is an offense for which the person has been pardoned or has had civil rights restored (if the law of the applicable jurisdiction provides for the loss of civil rights under such an offense) unless the pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

(*Id.*) (quoting 18 U.S.C. § 921(33)(B)).[1]

Here, presuming without deciding, that a conviction for misdemeanor domestic violence is susceptible to crime-by-crime analysis (unlike *Jackson*), I recommend the Court hold its decision on this issue in abeyance pending trial. Suffice it to say, even if the instant decision was amenable to determination pretrial, the facts have not been developed sufficiently at this stage to permit the Court to address whether the statute is unconstitutional as applied to Defendant.

## III. CONCLUSION

For the reasons set forth above, I respectfully recommend the District Court **deny in part** and **hold in abeyance in part** Defendant's Motion to Dismiss. (Doc. 27).

Objections to this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Crim. P. 59(b) must be filed within fourteen (14) days of the service of a copy of this Report and Recommendation. Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Crim. P. 59. Failure to object to the Report and Recommendation waives the right to *de novo* review by the district court of any portion of the Report and Recommendation as well as the right to appeal

---

[1] I do not intend to pre-judge the elements the Government would have to prove at trial. That can wait for the Court's decision on jury instructions.

from the findings of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

      **DONE AND ENTERED** at Cedar Rapids, Iowa, this 3rd day of June, 2025.

Mark A. Roberts, United States Magistrate Judge
Northern District of Iowa