# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

NATHAN FRAZIER STARK,

    Defendant.

No. CR25-1004-LTS-MAR

**ORDER**

This matter is before me on a Report and Recommendation (R&R) in which the Honorable Mark A. Roberts, United States Magistrate Judge, recommends that I deny in part and hold in abeyance in part defendant Nathan Stark's motion (Doc. 27) to dismiss the indictment under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). Doc. 27. Neither party has filed objections and the time to do so has passed.

## I. BACKGROUND

On January 29, 2025, the grand jury returned an indictment (Doc. 3) charging Stark with one count of possession of a firearm by a person convicted of domestic violence in violation of 18 U.S.C. §§ 922(g)(9). On May 12, 2025, Stark filed a motion (Doc. 27) to dismiss the indictment based on *Bruen*. The Government filed a resistance (Doc. 28) on May 19, 2025, and Judge Roberts filed the R&R on June 3, 2025.

## II. APPLICABLE STANDARDS

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations

as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III. DISCUSSION

Because neither party objected to the R&R, I have reviewed it for clear error. I agree with Judge Roberts that the plain text of the Second Amendment applies to Stark's conduct. I further agree that Stark's facial challenge to the constitutionality of § 922(g)(9)

must be denied in light of the Eighth Circuit's recent decision in *United States v. Bernard*, No. 23-2808, 2025 WL 1352398 (8th Cir. May 9, 2025).

Finally, I agree with Judge Roberts' conclusion that proof of a violation of § 922(g)(9) is more involved than proof of a violation of § 922(g)(1), and thus that I cannot rule on Stark's as-applied constitutional challenge without a more developed factual record. Doc. 27 at 8-10. Based on my review of the record, I find no error – clear or otherwise – in Judge Roberts' recommendation.

## IV. CONCLUSION

For the reasons set forth herein:

1. I **accept** the Report and Recommendation (Doc. 29) without modification. *See* 28 U.S.C. § 636(b)(1).

2. Pursuant to the Report and Recommendation (Doc. 29), defendant Nathan Stark's motion (Doc. 27) to dismiss the indictment is **denied** except with regard to his as-applied challenge to § 922(g)(9), which will be held in abeyance until trial.

**IT IS SO ORDERED** this 20th day of June, 2025.

_____
Leonard T. Strand
United States District Judge